# IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | |
| NINTH INNING INC., doing business as The Mucky Duck, for itself and for all others similarly situated; et al., *Plaintiffs-Appellants*, v. NATIONAL FOOTBALL LEAGUE, INC.; et al., *Defendants-Appellees*. | No. 24-5493 |
| NINTH INNING INC.; et al., *Plaintiffs-Appellees*, v. PDB SPORTS LTD.; et al., *Defendants-Appellants*, and DIRECTV, LLC; et al., *Defendants*. | No. 24-5691 |

**PLAINTIFFS-APPELLANTS' RESPONSE TO THE COURT'S
<u>SEPTEMBER 26, 2024 ORDER TO SHOW CAUSE</u>**

Plaintiffs-Appellants Ninth Inning Inc. et al. submit this statement in response to this Court's September 26, 2024 order to show cause why appeal

No. 24-5493 should not be dismissed for lack of appellate jurisdiction. Dkt. 16.[1] After this Court issued its order, the district court issued an order amending the underlying judgment to certify it as final and appealable under Federal Rule of Civil Procedure 54(b), Dist.Ct.Dkt. 1566, removing any doubts about the existence of a final, appealable judgment. Plaintiffs-Appellants have now filed an amended notice of appeal from the as-amended judgment, Dist.Ct.Dkt. 1567; Dkt. 24. Plaintiffs-Appellants respectfully request that, consistent with the Court's practice, the Court discharge the order to show cause and lift the stay so that briefing can proceed.

1. This is an appeal from a district court decision granting judgment as a matter of law to overturn the jury's verdict following a three-week trial. Dist.Ct.Dkts. 1391, 1464. Plaintiffs filed this antitrust class action against the National Football League and its 32 member clubs (the "NFL Defendants") and DirecTV, LLC and DirecTV Holdings, LLC (the "DirecTV Defendants"). Plaintiffs comprise classes of residential and commercial subscribers to "NFL Sunday Ticket," a package of NFL telecasts that were distributed exclusively through DirecTV during the class period. Dist.Ct.Dkt. 894 at 25. Plaintiffs

---

[1] "Dkt." citations refer to filings in appeal No. 24-5493, while "Dist.Ct.Dkt." citations refer to filings in the underlying district court case, No. 2:15-ml-02668 (C.D. Cal.).

brought claims challenging the agreements underlying that exclusive arrangement under Sections 1 and 2 of the Sherman Act.

In 2021, the DirecTV Defendants moved to compel arbitration. Dist.Ct.Dkt. 306. The district court granted the motion, staying the claims against the DirectTV Defendants pending resolution of any arbitral proceedings. Dist.Ct.Dkt. 320. But the district court permitted proceedings against the NFL Defendants to proceed. *Id.*

The claims against the NFL Defendants were tried in June 2024. The jury found the NFL Defendants liable, awarding approximately $4.6 billion in damages to the residential class and $96 million to the commercial class. Dist.Ct.Dkt. 1481. On August 1, 2024, the district court granted the NFL Defendants' motion for judgment as a matter of law under Rule 50(b). Dist.Ct.Dkt. 1513. And, on August 20, the court entered judgment "in favor of the NFL Defendants . . . as to all claims for relief." Dist.Ct.Dkt. 1542 at 3.

2. Plaintiffs filed a notice of appeal on August 30, 2024. They noted that the August 20 judgment "may not be an appealable final judgment under 28 U.S.C. § 1291," because "claims against DirecTV in this action remain unresolved (having been stayed pending arbitration)." Dist.Ct.Dkt. 1551 at 1 n.1. Around the same time, plaintiffs filed a motion in the district court under Rule 54(b). Dist.Ct.Dkt. 1561-1. The motion asked the court to enter a certified final judgment, as to all

3

claims against the NFL Defendants, that would be immediately appealable pursuant to Rule 54(b). *Id.*

On October 4, 2024, the district court granted plaintiffs' Rule 54(b) motion, expressly determining that "there is no just reason to delay entry of judgment as to Plaintiffs' claims against the NFL Defendants." Dist.Ct.Dkt. 1566. On October 10, plaintiffs filed an amended notice of appeal from the as-amended August 20 judgment. Dist.Ct.Dkt. 1567; Dkt. 24.

3. Certification under Rule 54(b), even after the filing of a notice of appeal, vests this Court with jurisdiction over orders that would not otherwise be immediately appealable. *See* Fed. R. Civ. P. 54(b); 28 U.S.C. §1291; *see, e.g.*, *Alexander v. Falk*, No. 19-16758, Dkt. 13, at 1-2 (9th Cir. Nov. 27, 2019) (discharging order to show cause and resuming appellate proceedings where district court had since entered final judgment under Rule 54(b) and appellant had then filed amended notice of appeal); *Urban Outfitters, Inc. v. Dermody Operating Co.*, No. 24-228, Dkt. 21, at 2 (9th Cir. May 1, 2024); *Montana v. Talen Mont., LLC*, No. 23-3050, Dkt. 11, at 1 (9th Cir. Jan. 9, 2024); *Viale v. Wheeler, LLC*, No. 20-16463, Dkt. 10, at 2 (9th Cir. Sept. 30, 2020); *M.A.R. v. City of Los*

*Angeles*, No. 22-55415, Dkt. 10, at 1 (9th Cir. July 1, 2022); *Bernal v. Sacramento Cnty. Sheriff's Dep't*, No. 22-15690, Dkt. 10, at 1 (9th Cir. July 1, 2022).[2]

Accordingly, Plaintiffs-Appellants respectfully request that the Court discharge the order to show cause in light of the district court's October 4, 2024 order certifying its judgment as final and appealable under Rule 54(b) and the amended notice of appeal; that it lift the stay of briefing; and that it permit proceedings in this Court to resume.

October 10, 2024

Respectfully submitted,

/s/ Jeffrey A. Lamken

Jeffrey A. Lamken
  *Counsel of Record*
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(202) 556-2000 (telephone)
(202) 556-2001 (facsimile)
jlamken@mololamken.com

*Counsel for Plaintiffs-Appellants*

---

[2] This Court has recognized that a district court retains jurisdiction to grant Rule 54(b) certification even after a notice of appeal has been filed. *See, e.g.*, *Nat'l Ass'n of Home Builders v. Norton*, 325 F.3d 1165, 1167 (9th Cir. 2003); *Sinaloa Lake Owners Ass'n v. Cal. Div. of Safety of Dams*, 993 F.2d 884 (9th Cir. 1993) (table) (noting that district court certified judgment under Rule 54(b) months after notice of appeal was filed and weeks after reply brief was filed in this Court).