UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| NINTH INNING, INC., *et al.*,<br><br>*Plaintiffs-Appellants/ Conditional Cross-Appellees*,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE, INC., *et al.*,<br><br>*Defendants-Appellees/ Conditional Cross-Appellants*. | Nos. 24-5493, 24-5691 |

**DEFENDANTS-APPELLEES/CONDITIONAL CROSS-APPELLANTS'
RESPONSE TO ORDER TO SHOW CAUSE**

The National Football League, NFL Enterprises LLC, and the individual NFL Clubs ("NFL Defendants")[1] respectfully submit this response to the Court's September 26, 2024, order to show cause why Plaintiffs' initial appeal was not

---

[1] The Individual NFL Clubs include the following parties: Arizona Cardinals Football Club LLC; Atlanta Falcons Football Club, LLC; Baltimore Ravens Limited Partnership; Buffalo Bills, LLC; Panthers Football, LLC; The Chicago Bears Football Club, Inc.; Cincinnati Bengals, Inc.; Cleveland Browns Football Company LLC; Dallas Cowboys Football Club, Ltd.; Denver Broncos Team, LLC; The Detroit Lions, Inc.; Green Bay Packers, Inc.; Houston NFL Holdings, L.P.; Indianapolis Colts, Inc.; Jacksonville Jaguars, LLC; Kansas City Chiefs Football Club, Inc.; Miami Dolphins, Ltd.; Minnesota Vikings Football, LLC; New England Patriots LLC; New Orleans Louisiana Saints, L.L.C.; New York Football Giants, Inc.; New York Jets LLC; Raiders Football Club, LLC; Philadelphia Eagles, LLC; Pittsburgh Steelers LLC; Chargers Football Company, LLC; Forty Niners Football Company LLC; Football Northwest LLC; The Los Angeles Rams, LLC; Buccaneers Team LLC; Tennessee Football, LLC; and Pro-Football LLC.

1

premature and why, as a result, the NFL Defendants' conditional cross-appeal should not be dismissed for lack of jurisdiction.

On August 20, 2024, the district court entered judgment as a matter of law in favor of the NFL Defendants in the underlying action. D.Ct.Dkt.1542. Plaintiffs filed a notice of appeal from that judgment on August 30. D.Ct.Dkt.1551. That judgment did not resolve stayed claims against Defendants DirecTV, LLC, and DirecTV Holdings, LLC, and thus, as this Court later observed, may not have been an appealable order since it neither "dispose[d] of all claims as to all parties" nor was "entered in compliance with Federal Rule of Civil Procedure 54(b)." Dkt.16 (quoting *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008)); *see also* 28 U.S.C. §§1291, 1292. But since Plaintiffs had noticed an appeal, the NFL Defendants filed a protective notice of conditional cross appeal on September 13 in an abundance of caution to ensure that their appellate rights were fully protected. D.Ct.Dkt.1559.

On September 18, this Court issued a presumptive briefing schedule for the appeal and cross-appeal. Dkt.14. On September 26, however, this Court stayed that briefing schedule and directed the parties to explain whether the appeals should be dismissed for lack of jurisdiction. Dkt.16. As the Court correctly observed, the August 20 order was not final as to all parties.

While there was no appealable order when this Court issued its show-cause order, the district court has since certified its judgment in favor of the NFL Defendants as a final judgment under Federal Rule of Civil Procedure 54(b). D.Ct.Dkt.1566. And on October 10, Plaintiffs filed an amended notice of appeal in light of the Rule 54(b) order. D.Ct.Dkt.1567. Defendants believe that the Rule 54(b) order is an appealable order, and circuit law suggests that this Court now has jurisdiction to proceed based on the October 10 amended notice of appeal, despite the premature nature of the original notice of appeal. *See Rollins v. Mortg. Elec. Reg. Sys., Inc.*, 737 F.3d 1250, 1253 (9th Cir. 2013). The NFL Defendants intend to file an amended protective notice of conditional cross-appeal in relation to Plaintiffs' October 10 amended notice of appeal on or before the November 4 deadline in order to fully protect their appellate rights.

The NFL Defendants accordingly believe that the appropriate course is for the Court to discharge its order to show cause, lift the stay of briefing, and enter a new briefing schedule that reflects the premature nature of Plaintiffs' initial appeal and the delay associated with procuring a Rule 54(b) certification and filing an amended notice of appeal. The NFL Defendants thus propose a presumptive briefing schedule (subject to this Court's usual practices for granting "streamlined" and other extensions to accommodate holidays and conflicts) that extends the dates in the Court's stayed briefing schedule as follows: Plaintiffs' Opening Brief presumptively

due January 9, 2025; NFL Defendants' Answering Brief and Opening Brief on Cross-Appeal presumptively due February 10, 2025; Plaintiffs' Reply Brief and Answering Brief on Cross-Appeal presumptively due March 11, 2025; and NFL Defendants' Reply Brief on Cross-Appeal presumptively due March 25, 2025.

    The revised schedule is appropriate given the Court's decision to stay all briefing while its order to show cause was pending, *see* Dkt.16, as well as the upcoming holidays. It also maintains the same intervals between briefs as the Court's September 18 scheduling order, Dkt.14, and does not prejudice either party or interfere with the Court's consideration of the appeal. This revised schedule is consistent with the Court's practice of extending briefing schedules after discharging an order to show cause due to Rule 54(b) certification. *E.g.*, *Viale v. Foster Wheeler, LLC*, No. 20-16463; *Bernal v. Sacramento Cnty. Sheriff's Dep't*, 22-15690; *M.R. v. City of Los Angeles*, No. 22-55415; *Montana v. Talen Montana, LLC*, No. 23-3050.

    Respectfully submitted,

s/Paul D. Clement
PAUL D. CLEMENT
 *Counsel of Record*
ERIN E. MURPHY
JOSEPH J. DEMOTT
NICCOLO A. BELTRAMO*
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

THEODORE J. BOUTROUS, JR.
DANIEL G. SWANSON
CHRISTOPHER D. DUSSEAULT
GIBSON, DUNN & CRUTCHER, LLP
333 S. Grand Avenue
Suite 5300
Los Angeles, CA 90071-3197
tboutrous@gibsondunn.com

|  |  |
|---|---|
| Cynthia E. Richman<br>GIBSON, DUNN &<br>CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>Tel.: (202) 955-8500<br>Email: crichman@gibsondunn.com | *Supervised by principals of the firm who are members of the Virginia bar |

*Counsel for Defendants-Appellees/Conditional Cross-Appellants*

October 17, 2024

# CORPORATE DISCLOSURE STATEMENT

The National Football League is an unincorporated association with no parent corporation, organized under the laws of New York. NFL Enterprises LLC is a wholly-owned subsidiary of NFL Ventures, L.P., a Delaware limited partnership. The individual defendant NFL Clubs are:

>Arizona Cardinals Football Club LLC
>Atlanta Falcons Football Club, LLC
>Baltimore Ravens Limited Partnership
>Buffalo Bills, LLC
>Panthers Football, LLC
>The Chicago Bears Football Club, Inc.
>Cincinnati Bengals, Inc.
>Cleveland Browns Football Company LLC
>Dallas Cowboys Football Club, Ltd
>Denver Broncos Team, LLC
>The Detroit Lions, Inc.
>Green Bay Packers, Inc.
>Houston NFL Holdings, L.P.
>Indianapolis Colts, Inc.
>Jacksonville Jaguars, LLC
>Kansas City Chiefs Football Club, Inc.
>Miami Dolphins, Ltd.
>Minnesota Vikings Football, LLC
>New England Patriots LLC
>New Orleans Louisiana Saints, L.L.C.
>New York Football Giants, Inc.
>New York Jets LLC
>Raiders Football Club, LLC
>Philadelphia Eagles, LLC
>Pittsburgh Steelers LLC
>Chargers Football Company, LLC
>Forty Niners Football Company LLC
>Football Northwest LLC
>The Los Angeles Rams, LLC
>Buccaneers Team LLC

Tennessee Football, LLC
Pro-Football, LLC

Five of the NFL clubs have parent corporations: KSA Industries, Inc. (Tennessee Football, LLC); Football Northwest Management Inc. (Football Northwest LLC); Pittsburgh Steelers Sports, Inc. (Pittsburgh Steelers LLC); Tepper Sports Holding, Inc. (Panthers Football, LLC); and Tampa Bay Broadcasting, Inc. (Buccaneers Team LLC). The other NFL member clubs do not have parent corporations. No publicly held corporation owns 10 percent or more of any of the above-listed member club's stock.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<u>s/Paul D. Clement</u>
Paul D. Clement