# No. 24-5493 & 24-5691

In The

# United States Court of Appeals

For The Ninth Circuit

---

NINTH INNING INC., ET AL.

*Appellants,*

vs.

NATIONAL FOOTBALL LEAGUE, INC., ET AL.

*Appellees.*

---

On Appeal From The U.S. District Court for the Central District of California,
No. 2:15-ml-02668 (Hon. Philip S. Gutierrez)

---

NON-PARTY CBS CORPORATION'S REPLY IN SUPPORT OF MOTION TO INTERVENE UNDER FRAP 24(A) AND (B) AND TO MAINTAIN UNDER SEAL DOCUMENTS FILED BY APPELLANTS

---

Yehudah L. Buchweitz
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000

*Attorney for Non-Party CBS Corporation, now known as Paramount Global*

# TABLE OF CONTENTS

ARGUMENT ................................................................................................1

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Confederated Tribes of Siletz Indians of Oregon v. Weyerhaeuser Co.*,
 340 F. Supp. 2d 1118 (D.Or. 2003) ...................................................................2

*In re Electronic Arts, Inc.*,
 298 F. App'x 568 (9th Cir. 2008)....................................................................4, 5

*Masimo Corp. v. Apple Inc.*,
 2022 WL 20746529 (C.D. Cal. July 26, 2022)....................................................2

*In re NCAA Athletic Grant-In-Aid Antitrust Cap Litig.*,
 No. 19-15566 (9th Cir. Oct. 29, 2019) ...........................................................1, 4

*Nixon v. Warner Communications, Inc.*,
 435 U.S. 589 (1978).............................................................................................5

**Rules**

Federal Rule of Civil Procedure 24(a).........................................................................1

Federal Rule of Civil Procedure 24(b).........................................................................1

ii

Appellants do not dispute that this Court has previously held CBS's highly confidential broadcast agreements and negotiation communications met the "compelling reasons" standard for sealing. And, indeed, nothing has changed since Judge Gutierrez held *after trial* that these three trial exhibits should be sealed, notwithstanding their limited use during the trial. To be sure, CBS does not seek to seal Appellants' brief, or the references therein to specific portions of the three documents at issue here. Instead, CBS only seeks to seal the documents themselves, which contain CBS's most sensitive information, and are otherwise of no moment to this appeal. CBS's Motion should be granted for four independent reasons:

First, Appellants do not oppose CBS's request that it be granted leave to intervene. *See generally* Opp.; *see also In re NCAA Athletic Grant-In-Aid Antitrust Cap Litig.,* No. 19-15566 (9th Cir. Oct. 29, 2019), ECF No. 65 (granting non-party CBS's motion to intervene for the limited purpose of maintaining the seal of its highly confidential documents). The Court should therefore grant CBS's request for leave to intervene pursuant to Federal Rules of Civil Procedure 24(a) and (b).

Second, Appellants conveniently ignore that, **following trial**, the District Court held that all three of these documents—TX146A, TX188, and TX750—met the "compelling reasons" standard and should remain under seal. *See* Opp.; Order Granting Plaintiffs' Application to File Documents Under Seal, No. 2:15-ml-02668, ECF No. 1538 at 2, 4.

1

While Appellants suggest that the documents at issue here have been made public, that is not true. Only very limited provisions of the NFL/CBS agreements (TX146A and TX188) were discussed during trial, and mostly in generalities at that. Likewise for TX750, as none of the instances Appellants reference quote or discuss the document in full. *See generally* Opp.[1] And even if there were some discussions in the trial transcript about certain limited aspects of these documents, that would not completely override CBS's compelling interest in keeping the sum and substance of these documents confidential. *See Masimo Corp. v. Apple Inc.*, 2022 WL 20746529, at *3 (C.D. Cal. July 26, 2022) (noting "a fundamental difference" between disclosing limited portions of a confidential document and "waiving all confidentiality rights to portions of documents that were never shown or discussed").

Third, Appellants' argument that two of the documents at issue are excerpts of longer agreements (*i.e.*, TX146A and TX188) is a red herring. Opp. at 5, 6. These excerpts include commercially sensitive terms that have never been publicly disclosed. Mot. at 5; Weinberg Decl. ¶¶ 15-20 (No. 24-5691, ECF No. 58.2; No. 24-5493, ECF No. 71.2). This includes provisions pertaining to the suite of rights granted as consideration for the agreements (TX146A at 6-12; TX188 at 7-8), rights

---

[1] Appellants' citation to *Confederated Tribes of Siletz Indians of Oregon v. Weyerhaeuser Co.* is misplaced because unlike here, the documents at issue were actually "discussed in open court." 340 F. Supp. 2d 1118, 1125 (D. Or. 2003).

2

fees (TX146A at 5), provisions related to advertising (TX146A at 10-11, 13-14; TX188 at 15-16, 18) and certain provisions related to production specifications (TX188 at 22-23).

These terms have never been made public, and disclosing them publicly would cause CBS to suffer irreparable competitive harm. *See* Declaration of Daniel Weinberg ¶ 17 ("These terms were heavily-negotiated, and if disclosed, would reduce the competitive advantage CBS retains over its competitors. Public disclosure would also give other entities with which CBS negotiates for distribution of content . . . an advantage because they could attempt to extract terms at least as favorable as the terms in these provisions of [the agreements].").[2]

Many of the provisions Appellants seek to disclose publicly in these excerpts (as well as in TX750) are also irrelevant to this appeal, including those pertaining to CBS's production specifications and broadcasts of postseason games. *See, e.g.*, TX146A at 8-9; TX188 at 22-23; TX750 at 1. And just because a provision is not redacted in these agreements does not mean it is relevant to this appeal. As noted above, the agreements contain provisions pertaining to production specifications and

---

[2] Moreover, contrary to Appellants' suggestion that no compelling reasons exist to maintain sealing of TX750, Mr. McManus's email similarly contains highly sensitive material that pertains to CBS's negotiation of the suite of rights to be granted as consideration for the agreement. *See* TX750 at 1-2. Indeed, the District Court found that such materials warranted confidential treatment on multiple occasions, including *after trial*. *See* Mot. at 2, 6.

postseason game broadcasts, which are not part of the Sunday Ticket package, which encompasses "highly proprietary information," and "public disclosure of this information would highly prejudice CBS by hindering its ability to negotiate licensing agreements to broadcast content in the future." Declaration of Daniel Weinberg ¶ 15 (discussing provisions dealing with production specifications and "provisions pertaining to broadcasts of games that fall outside the scope of the Sunday Ticket package.").

Fourth, Appellants fail to rebut the litany of relevant case law CBS cites which demonstrates that compelling reasons exist to maintain sealing of the documents at issue here. To begin, Appellants fail to distinguish this case from *In re NCAA Athletic Grant-In-Aid Cap Antitrust Litigation ("GIA")*, in which this Court ordered that CBS's sports broadcasting agreements remain under seal.[3]

Appellants also make no effort to distinguish other authority CBS cited in its moving brief, including *In re Electronic Arts, Inc.*, in which this Court held that compelling reasons existed to seal pricing terms, royalty rates, and guaranteed

---

[3] That the motion at issue in *GIA* was unopposed is irrelevant, as the Court was still required to, and did, find that "[c]ompelling reasons justify continuing the seal of the Broadcasters' confidential information." Order, No. 19-15566 (9th Cir. Oct. 29, 2019), ECF No. 65 at 4. Moreover, contrary to Appellants' suggestion, the agreements at issue in *GIA* were directly relevant the case—indeed, the NCAA's media revenues were derived from these agreements and used by Plaintiffs' economic expert as a proxy for consumer demand. *See* 375 F. Supp. 3d 1058, 1077 (N.D. Cal. 2019); 958 F.3d 1239, 1250 (9th Cir. 2020).

4

minimum payment terms in Electronic Arts' license agreement, 298 F. App'x 568, 569 (9th Cir. 2008), and *Nixon v. Warner Communications, Inc.*, in which the Supreme Court noted that "sources of business information that might harm a litigant's competitive standing" can provide compelling reasons to justify sealing. 435 U.S. 589, 598 (1978).

For these reasons and those set forth in its Motion, CBS respectfully requests that the Court grant its request to intervene in this appeal and to maintain sealing of TX146A, TX188, and TX750. In the interim, CBS respectfully requests that the Court maintain the sealing of TX146A, TX188, and TX750 contained within Volumes 17-20 of the Record until such time as the Court may resolve this motion.

Dated: February 18, 2025

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: */s/ Yehudah L. Buchweitz*
   Yehudah L. Buchweitz

Yehudah L. Buchweitz
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
yehudah.buchweitz@weil.com

*Attorney for Non-Party CBS Corporation, now known as Paramount Global*

5

**CERTIFICATE OF COMPLIANCE**

This certification is made pursuant to Fed. R. App. P. 32(g). This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,129 words.

As required by Fed. R. App. P. 27(d)(1)(E), this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: February 18, 2025                By: */s/ Yehudah L. Buchweitz*
                                             Yehudah L. Buchweitz

## CERTIFICATE OF SERVICE

      I hereby certify that on February 18, 2025, I electronically filed the foregoing documents with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Dated: February 18, 2025                                 By: */s/ Yehudah L. Buchweitz*
                                                                             Yehudah L. Buchweitz