# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE: NATIONAL FOOTBALL LEAGUE'S "SUNDAY TICKET" ANTITRUST LITIGATION | |
| NINTH INNING INC., doing business as The Mucky Duck, for itself and for all others similarly situated; et al.,<br><br>    *Plaintiffs-Appellants*,<br><br>    v.<br><br>NATIONAL FOOTBALL LEAGUE, INC.; et al.,<br><br>    *Defendants-Appellees*. | No. 24-5493 |
| NINTH INNING INC.; et al.,<br><br>    *Plaintiffs-Appellees*,<br><br>    v.<br><br>PDB SPORTS LTD.; et al.,<br><br>    *Defendants-Appellants*,<br><br>and<br><br>DIRECTV, LLC; et al.,<br><br>    *Defendants*. | No. 24-5691 |

**PLAINTIFFS-APPELLANTS' OPPOSITION TO DEFENDANTS-APPELLEES' MOTION FOR EXTENSION OF TIME**

## INTRODUCTION

The NFL Defendants request to extend the date for filing their opening brief "to 60 days from the date on which this Court accepts Plaintiffs' opening brief . . . and files it on the public docket." Dkt.92.1. The NFL Defendants' request thus seeks a 60-day extension to an indefinite future date, which is not justified by the circumstances. Plaintiffs respectfully oppose the NFL Defendants' Motion for Extension of Time to File its Principal Brief (Dkt.92), but do not oppose a reasonable extension of the NFL Defendants' filing date to a date certain.[1]

## BACKGROUND

Plaintiffs submitted their opening appellate brief on January 10, 2025 (Dkt.41), after obtaining a 44-day extension from the original schedule (Dkt.36). The NFL Defendants consented to that extension, and Plaintiffs agreed not to oppose a motion by the NFL Defendants to extend their deadline by a similar amount of time for their first brief, *i.e.*, until April 14, 2025.

On February 5, 2025, the NFL Defendants requested and received a 30-day extension to file their opening brief, moving the deadline to file their brief from February 10, 2025, to March 12, 2025 (Dkts.77, 78).

---

[1] As discussed below, Plaintiffs had earlier agreed not to oppose an extension that would have allowed the NFL Defendants to file their brief on April 14, 2025 – *i.e.*, more than three months after Plaintiffs' opening brief was filed.

1

On February 20, 2025, the NFL Defendants notified Plaintiffs of their intention to request another extension to file their opening brief and inquired whether the Plaintiffs would oppose it. Plaintiffs' counsel agreed to consider a reasonable request that specified a date certain instead of the indefinite deadline the NFL Defendants suggested. The NFL Defendants declined Plaintiffs' offer and filed the instant motion. *See* Declaration of Scott A. Martin ¶ 4 ("Martin Decl.").

## ARGUMENT

1.    Circuit Rule 31-2.2(b) requires a party to specify the "length of the requested extension." Yet the NFL Defendants' current request proposes an open-ended deadline 60 days after an event beyond any party's control.

2.    Plaintiffs understand that one of the NFL Defendants' counsel, Mr. Clement, had obligations on unrelated matters which concluded on March 7, 2025. *See* Dkt.92.2 (Clement Decl. ¶ 8). Neither this argument, nor the NFL Defendants' time spent on their volitional filing of a motion to seal portions of the excerpts of record, warrants the requested extension as framed. Plaintiffs expressly offered to the NFL Defendants "an additional courtesy extension to a date certain if the current deadline poses a hardship for the drafters," Martin Decl. ¶ 3, and the NFL Defendants have always had full access to the excerpts of record—both the provisionally-sealed and unsealed portions. The NFL Defendants declined that offer and filed the instant motion instead.

2

3. The NFL Defendants also argue that an extension is necessary because potential amici may wish to review Plaintiffs' opening brief before deciding whether to file a brief. There is significant information concerning the appeal available on the public record, including the District Court's Rule 50 order. Numerous amici filed briefs in support of Plaintiffs' position even though Plaintiffs' opening brief was filed under seal. Moreover, Plaintiffs have expressly indicated to the NFL Defendants' counsel that they have no objection to the circulation by them of Plaintiffs' opening brief to potential amici. Martin Decl. ¶ 5. The NFL Defendants themselves acknowledge that no party has identified anything in Plaintiffs' opening brief as information that should be restricted from public access. Dkt.92.1 at 2.[2]

4. Finally, the NFL Defendants' requested extension is not called for by Plaintiffs' pending motion to file an oversized brief (Dkt.37). Depending on the Court's ruling on that motion—despite it being unopposed—then either or both Plaintiffs and the NFL Defendants would subsequently file briefs in accordance with the Court's order and on a schedule ordered by the Court. *See* Advisory Committee Note to Circuit Rule 32-2.

---

[2] If the circumstances truly warranted, of course, potential amici could seek extensions of their own. *See* Fed. R. App. P. 29(a)(6).

3

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court deny the NFL Defendants' Motion for Extension of Time to File its Principal Brief.

March 10, 2025                              Respectfully submitted,

*/s/ Scott A. Martin*
Scott Martin
HAUSFELD LLP
smartin@hausfeld.com
33 Whitehall Street, 14th Floor
New York, NY 10004
Tel: (646) 357-1100
Fax: (212) 202-4322
smartin@hausfeld.com

Marc M. Seltzer
SUSMAN GODFREY LLP
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
mseltzer@susmangodfrey.com

Howard Langer
LANGER GROGAN & DIVER, P.C.
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703
hlanger@langergrogan.com

*Counsel for Plaintiffs-Appellants*