Nos. 24-5493, 24-5691

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

────────────

NINTH INNING, INC., et al.,

*Plaintiffs-Appellants/
Conditional Cross-Appellees*,

v.

NATIONAL FOOTBALL LEAGUE, INC., et al.,

*Defendants-Appellees/
Conditional Cross-Appellants*.

────────────

On Appeal from the United States District Court
for the Central District of California,
No. 2:15-ml-02668-PSG-SK

────────────

# REPLY IN SUPPORT OF NFL DEFENDANTS'
# MOTION FOR EXTENSION OF TIME TO FILE PRINCIPAL BRIEF

────────────

THEODORE J. BOUTROUS, JR.
DANIEL G. SWANSON
CHRISTOPHER D. DUSSEAULT
GIBSON, DUNN & CRUTCHER, LLP
333 S. Grand Ave, Suite 5300
Los Angeles, CA 90071-3197

CYNTHIA E. RICHMAN
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

PAUL D. CLEMENT
 *Counsel of Record*
ERIN E. MURPHY
JOSEPH J. DEMOTT
NICCOLO A. BELTRAMO*
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

*Supervised by principals of the firm who are members of the Virginia bar

*Counsel for Defendants-Appellees/Conditional Cross-Appellants*

March 17, 2025

Plaintiffs offer no valid reason for denying NFL Defendants' motion to extend the deadline for their principal brief to 60 days after this Court accepts Plaintiffs' opening brief (in whatever form and length the Court deems appropriate) and files it on the public docket. In fact, Plaintiffs do not even make clear the extent to which they oppose NFL Defendants' request. Plaintiffs initially represent that they "do not oppose a reasonable extension of the NFL Defendants' filing deadline to a date certain," but suggest that it would be improper for NFL Defendants' deadline to be linked to the resolution of Plaintiffs' pending motion for leave to file an overlength brief. *See* Dkt.94.2 at 1-2 ("Opp'n"). Elsewhere in their brief, however, Plaintiffs concede that NFL Defendants' filing deadline will *necessarily* "[d]epend[] on the Court's ruling on [Plaintiffs'] motion." Opp'n at 3. And rightly so: NFL Defendants can hardly be expected to prepare (let alone file) their answering brief when it is not even clear whether they will be required to respond to the proposed overlength version or a yet-to-be-seen 14,000-word version.[1]

---

[1] Plaintiffs note that their motion for leave to file an overlength brief is "unopposed," Dkt.94.2 at 3, but that is hardly a guarantee that it will be granted. This Court "disfavors motions to exceed the applicable page or type-volume limits," and grants such motions "only upon a showing of diligence and extraordinary and compelling need." Cir. R. 32-2(a). In all events, the motion is only unopposed because of the professional courtesies extended by NFL Defendants. NFL Defendants should not be punished for extending that professional courtesy by not having an ample period to prepare their brief once this Court resolves the outstanding motions concerning the length and content of Plaintiffs' opening brief.

Given that dynamic, Plaintiffs' insistence that NFL Defendants should agree to file their response on an (unspecified) "date certain," Opp'n at 1-2, makes no sense. Indeed, this Court's guidance expressly provides that "[a]ny order that decides a motion [for leave to file an overlength brief] will also make adjustments to the due date(s) for any further briefing." Advisory Committee Note to Circuit Rule 32-2. Accordingly, there can be no serious dispute that NFL Defendants are entitled to a reasonable amount of time in which to prepare their brief after Plaintiffs' opening brief is accepted for filing. *See id.*

The only question, then, is how much time is appropriate. The requested period—60 days—is eminently reasonable under the circumstances of this case. Plaintiffs had nearly five months to prepare their opening brief, including a 44-day extension (which NFL Defendants did not oppose) that Plaintiffs justified by citing "the numerous complex issues raised in the appeal." Dkt.35.1 at 2; *see* Dkt.92.1 at 1 ("Mot."). NFL Defendants' counsel has had numerous other personal and professional obligations since Plaintiffs filed their proposed brief—including motions practice that Plaintiffs themselves caused by unnecessarily including hundreds of pages of NFL Defendants' and third parties' highly confidential business information in the Excerpts of Record and then suddenly withdrawing their longstanding consent to sealing that information. *See* Mot. at 3-4. Further, the requested 60-day timeline is appropriate to give prospective amici adequate time to

2

assess whether they wish to file an amicus brief in support of affirmance and, if so, to prepare such a brief. *See* Mot.3.

Plaintiffs offer no persuasive reason why NFL Defendants should receive less than 60 days. Their observation that NFL Defendants "have always had full access to the excerpts of record," Opp'n.2, is beside the point; what matters is that NFL Defendants do not yet know what opening brief they will be required to respond to. Plaintiffs' suggestion that prospective amici may prepare their briefs without reviewing even the proposed opening brief, Opp'n.3, also misses the mark. While some prospective amici may be able to obtain a provisionally sealed copy of the proposed opening brief from the parties, the briefing schedule should afford the general public a reasonable amount of time to review the *actual* opening brief once it has been accepted by the Court. Notably, Plaintiffs fail to explain any way in which they would be harmed by the proposed extension or to propose any "date certain" or alternative length of time—much less to defend an alternative proposal. Plaintiffs instead complain that the current timeline is "indefinite" and "beyond [their] control," Opp'n.1-2, but that stems entirely from their own voluntary decision to submit a "disfavor[ed]" brief that far exceeds this Court's word limits, Cir. R. 32-2(a). Any such "indefiniteness" provides no basis to saddle NFL Defendants with an unduly short timeframe to respond once the opening brief is accepted for filing.

3

## CONCLUSION

This Court should grant NFL Defendants' motion for an extension of time.

Respectfully submitted,

Theodore J. Boutrous, Jr.
Daniel G. Swanson
Christopher D. Dusseault
GIBSON, DUNN & CRUTCHER, LLP
333 S. Grand Ave., Suite 5300
Los Angeles, CA 90071-3197
tboutrous@gibsondunn.com

Cynthia E. Richman
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Tel.: (202) 955-8500

s/Paul D. Clement
Paul D. Clement
 *Counsel of Record*
Erin E. Murphy
Joseph J. DeMott
Niccolo A. Beltramo*
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

*Supervised by principals of the firm who are members of the Virginia bar

*Counsel for Defendants-Appellees/Conditional Cross-Appellants*

March 17, 2025

4

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATION

I hereby certify that:

1. This motion complies with the type-volume limitations of Circuit Rules 27-1 and 32-3 because it has been prepared in a proportionally spaced font and the total number of words—excluding the parts of the motion exempted by Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f)—is 773. That word count, "divided by 280" equals 2.76, which "does not exceed" the number of pages prescribed by Circuit Rule 27-1 (i.e., 10). *See* Cir. R. 32-3.

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point font.

March 17, 2025

s/Paul D. Clement<br>
Paul D. Clement

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system. I certify that all participants in this case are registered ACMS users and that service will be accomplished by the ACMS system.

s/Paul D. Clement<br>
Paul D. Clement