# No. 24-5493 & 24-5691

In The

# United States Court of Appeals

For The Ninth Circuit

---

NINTH INNING INC., ET AL.

*Appellants,*

vs.

NATIONAL FOOTBALL LEAGUE, INC., ET AL.

*Appellees.*

---

On Appeal From The U.S. District Court for the Central District of California, No. 2:15-ml-02668 (Hon. Philip S. Gutierrez)

---

NON-PARTY CBS CORPORATION'S MOTION TO MAINTAIN SEAL IN REPLY BRIEF FILED BY APPELLANTS

---

Yehudah L. Buchweitz
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000

*Attorney for Non-Party CBS Corporation, now known as Paramount Skydance Corporation*

Non-Party/Intervenor CBS Corporation ("CBS")[1] respectfully moves to maintain under seal the reference to the amount that CBS currently pays every year for its NFL broadcast licensing rights in Appellants' Reply Brief.[2] Courts have found that potential improper use of a party's business information that could harm a party's competitive standing "constitutes a compelling reason" for sealing a document. *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal citation omitted).

Indeed, "compelling reasons" exist to support CBS's request to maintain under seal this information. *See* Order Granting Motion to Maintain Seal, *In re NCAA Athletic Grant-In-Aid Cap Antitrust Litig.*, No. 19-15566 (9th Cir. Oct. 29, 2019), ECF No. 65 at 4. The information that CBS files this motion to protect is directly from CBS's current and highly confidential broadcast agreement with the NFL. *See* TX-146A, at 5, 35. CBS itself has never publicly confirmed the specific terms of its broadcast contract with the NFL, including the exact amount it pays per year for broadcasting rights. Indeed, these records "have traditionally been kept secret" and are not subject to the non-absolute right of public access. *Kamakana v.*

---

[1] CBS Corporation is now known as Paramount Skydance Corporation.

[2] Appellants' Reply Brief provides the specific figure that CBS paid the NFL each year in rights fees, citing 20-ER-4121(TX-146A). CBS is seeking to seal only that rights fee figure in Appellants' Reply Brief.

*City & Cnty. of Honolulu*, 447 F.3d 1172, 1178, 1185 (9th Cir. 2006).

Indeed, CBS's contractual counterparties compete to negotiate the most favorable proprietary terms with the various networks. If these proprietary terms were disclosed or confirmed by CBS, other parties could use this information in an attempt to disadvantage CBS in future negotiations. Indeed, the district court repeatedly found that CBS sufficiently demonstrated compelling reasons to keep this exact type of highly confidential information under seal. *Kamakana*, 447 F.3d at 1179; *see* Order Granting Plaintiffs' Application to File Documents Under Seal, No. 2:15-ml-02668, ECF No. 1538 at 2, 4 (granting sealing of the specific exhibit CBS seeks to seal information from here, TX146A); *see also* Order Granting Sealing of Materials Submitted in Support of NFL's Motion for Summary Judgment, No. 2:15-ml-02668, ECF No. 961 (allowing CBS's agreements with the NFL to be filed under seal); *see also* Minute Order Regarding Production of Broadcast Agreements, No. 2:15-ml-02668, ECF No. 432 (ordering that provisions dealing with production specifications in CBS's agreements with the NFL may remain redacted). Further, the Ninth Circuit held the same when it maintained the district court's seal of certain documents, including the exact document from which CBS seeks to seal information here. *See* Order Granting CBS's Motion to Maintain Under Seal, No. 24-05493, ECF No. 100.

Furthermore, CBS seeks to seal a single figure in Appellants' Reply Brief to

2

protect its interests. Such a limited sealing is proper to protect CBS's highly confidential and business-sensitive agreements. *See Masimo Corp. v. Apple Inc.*, No. SACV2000048JVSJDEX, 2022 WL 20746529, at *3 (C.D. Cal. July 26, 2022) (noting "a fundamental difference" between disclosing limited portions of a confidential document and "waiving all confidentiality rights to portions of documents that were never shown or discussed").

CBS's motion is also timely. Fed. R. Civ. P. 24(a), 24(b)(1). CBS filed this motion within the 21 day time period required under Circuit Court Rule 27-13(f).

For these reasons, CBS respectfully requests that the Court grant its motion to maintain under the seal its highly confidential information in Appellants' Reply Brief.[3]

---

[3] Appellees consent to this motion. Additionally, Appellants' position is as follows: "Plaintiffs do not agree that the material you reference below should be sealed. However, because that information is in portions of the electronic record that the Court has provisionally sealed subject to reconsideration by the merits panel, *see* Dkt. 100, Plaintiffs consent to having the material sealed for now pending reconsideration by the merits panel. Plaintiffs preserve their arguments, including those made at Dkt. 141, as to why sealing is unwarranted."

3

Dated: September 2, 2025	Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: */s/ Yehudah L. Buchweitz*
Yehudah L. Buchweitz

Yehudah L. Buchweitz
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
yehudah.buchweitz@weil.com

*Attorney for Non-Party CBS Corporation, now known as Paramount Skydance Corporation*

4

## CERTIFICATE OF COMPLIANCE

This certification is made pursuant to Fed. R. App. P. 32(g). This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 662 words.

As required by Fed. R. App. P. 27(d)(1)(E), this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: September 2, 2025                 By: */s/ Yehudah L. Buchweitz*
                                                         Yehudah L. Buchweitz

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)** | 24-5493 & 24-5691

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

[X] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

[ ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

CBS' motion to maintain under seal the rights fee figure in Appellants' Reply Brief

**Signature** | s/ Yehudah L. Buchweitz　　**Date** | 9/10/2025

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 15**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Rev. 12/01/2018*